# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 16-08** |
| **LAZANDY DANIELS** | **SECTION: "H"(4)** |

## ORDER AND REASONS

Before the Court is Defendant Lazandy Daniels's Motion to Recuse the U.S. Attorneys in the Eastern District of Louisiana (Doc. 260) and Motion to Dismiss Pursuant to Rule 12 (Doc. 261). For the following reasons, these Motions are **DENIED**.

## BACKGROUND

Defendant Lazandy Daniels was indicted on January 14, 2016, on charges of conspiracy to distribute cocaine and possession with intent to distribute cocaine and cocaine base ("crack"), along with co-defendants Craig James and Leon Jackson.[1] He was arraigned and pleaded not guilty to these

---

[1] Leon Jackson, Joppa Jackson, and Craig James have been rearraigned and pleaded guilty.

charges on January 27, 2016. Subsequently, on April 28, 2016, he was charged via a superseding indictment with an additional count of distribution of cocaine base ("crack"). This indictment added Joppa Jackson as a codefendant. Daniels was arraigned and pleaded not guilty to the charges of the superseding indictment on May 11, 2015. Defendant now moves to dismiss the indictment and recuse the office of the United States Attorney's Office for the Eastern District of Louisiana based on the alleged misconduct of Drug Enforcement Administration Special Agent Justin Moran, the lead case agent in this matter. The Government opposes both Motions.

## LAW AND ANALYSIS

In these Motions, Defendant asks the Court to (1) dismiss the indictment and (2) disqualify the United States Attorney's Office for the Eastern District of Louisiana. The Court will address these requests in turn.

**I. Dismissal of the Indictment is Not Warranted**

Defendant asks this Court to dismiss the pending indictment based on the bare assertion that this case amounts to "selective prosecution" by the U.S. Attorney's office. He avers that this "selective prosecution" stems from the fact that Special Agent Justin Moran, the lead case agent in this matter, is the subject of disciplinary proceedings and that other cases headed by Moran have been dismissed. Defendant cites no law in support of such a draconian remedy, and the Court can locate none. "A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution."[2] "The Attorney General and United States Attorneys retain

---

[2] *United States v. Armstrong*, 517 U.S. 456, 464 (1996).

broad discretion to enforce the Nation's criminal laws."[3] Accordingly, "[t]he presumption of regularity supports their prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties."[4] In order to make out a prima facie showing of unconstitutional selective prosecution, a defendant must (1) "demonstrate that they were singled out for prosecution while others similarly situated who committed the same crime were not prosecuted" and (2) "show that the government's discriminatory selection of them for prosecution was invidious or done in bad faith—i.e., that the government selected its course of prosecution 'because of,' rather than 'in spite of,' its adverse effect upon an identifiable group."[5]

Defendant's argument rests on the premise that he has been singled out for prosecution because he avers that all cases in which Agent Moran was the lead investigator have either been dismissed or reassigned to other U.S. Attorneys. He has offered no support for this contention, which the Government avers is factually inaccurate. Even taken as true, this allegation, standing alone, is insufficient to make a prima facie showing of selective prosecution, as Defendant makes no allegation of bad faith on the part of the Government.

Defendant also argues that he will "be denied his sixth amendment right to confront his accuser, Justin Moran" based on the belief that Agent Moran will assert his Fifth Amendment right not to testify. This argument misconstrues the protection provided by the Sixth Amendment. The Supreme Court has made clear that "the right to confrontation is a trial right, designed

---

[3] *Id.*
[4] *Id.* (internal citations omitted).
[5] *United States v. Sparks*, 2 F.3d 574, 580 (5th Cir. 1993).

to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination."[6] Put simply, if Agent Moran invokes his Fifth Amendment rights and does not testify at trial, the Sixth Amendment is not implicated. Accordingly, dismissal of the indictment is not warranted.

**II. Recusal of the United States Attorney's Office is Not Warranted**

Defendant next contends that the alleged misconduct of Agent Moran somehow warrants the disqualification of the entire office of the United States Attorney for the Eastern District of Louisiana. "Disqualification cases are governed by state and national ethical standards adopted by the court."[7] District courts faced with a motion to disqualify must apply the ethical standards of the district court, the state in which the district court sits, and the national standards adopted by the Fifth Circuit.[8] The Eastern District of Louisiana has adopted the Louisiana Rules of Professional Conduct as the local ethical standards.[9]

Courts should not mechanically apply the rules of disqualification.[10] Instead, "court[s] must take into account not only the various ethical precepts adopted by the profession but also the social interests at stake."[11] "All of the facts particular to a case must be considered, in the context of the relevant ethical criteria and with meticulous deference to the litigant's rights."[12] The Court reviews motions to disqualify "with fairly strict scrutiny. Although any doubts are to be resolved in favor of disqualification, the party seeking

---

[6] *Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987).
[7] *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001).
[8] *Id.*
[9] LR 83.2.3.
[10] *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1314 (5th Cir. 1995).
[11] *Id.*
[12] *Id.*

4

disqualification bears a heavy burden of demonstrating that disqualification is necessary."[13]

Defendant's request for disqualification is based only on the conclusory assertion that he "has a good faith belief that the U.S. Attorney's [sic] in the Eastern District of Louisiana have had such a close working relationship with said agent [Moran] that they have a personal interest in this case which is in conflict with the fair and impartial administration of justice."[14] Again, Defendant provides no law or evidence in support of such an extreme remedy. As the Fifth Circuit has noted, "[A]ttorney disqualification, particularly the disqualification of an entire [office], is a sanction that must not be imposed cavalierly."[15] In the specific context of disqualification of government attorneys, the Eleventh Circuit has noted that it "can only rarely—if ever—imagine a scenario in which a district court could properly disqualify an entire United States Attorney's office" and that "disqualifying an entire United States Attorney's office is almost always reversible error."[16] Here, Defendant has adduced no evidence indicating that anyone at the U.S. Attorneys' Office is afflicted with a conflict of interest based on the behavior of Agent Moran, let alone the entire office. Accordingly, Defendant's Motion to Disqualify is denied.

---

[13] *CEF Funding, L.L.C. v. Sher Garner Cahill Richter Klein & Hilbert, L.L.C.*, No. 09–6623, 2010 WL 2773116, at * 2 (E.D. La. July 9, 2010).
[14] Doc. 260 at 1.
[15] *FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1316 (5th Cir.1995).
[16] *United States v. Bolden*, 353 F.3d 870, 875 (10th Cir. 2003)

## CONCLUSION

For the foregoing reasons, Defendant Lazandy Daniels's Motion to Recuse the U.S. Attorneys in the Eastern District of Louisiana (Doc. 260) and Motion to Dismiss Pursuant to Rule 12 (Doc. 261) are **DENIED**.

New Orleans, Louisiana this 7th day of June, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**