# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 16-08** |
| **LAZANDY DANIELS** | **SECTION: "H"(4)** |

## ORDER AND REASONS

Before the Court is Defendant Lazandy Daniels's Motion to Recuse Judge Pursuant to 28 U.S.C. § 455 (a) (Doc. 289) and Motion to Dismiss Pursuant to Rule 12 (Doc. 288).  For the following reasons, these Motions are **DENIED**.

## BACKGROUND

Defendant Lazandy Daniels was indicted on January 14, 2016, on charges of conspiracy to distribute cocaine and possession with intent to distribute cocaine and cocaine base ("crack"), along with co-defendants Craig James and Leon Jackson.[1]  He was arraigned and pleaded not guilty to these

---

[1] Leon Jackson, Joppa Jackson, and Craig James have been rearraigned and pleaded guilty.

charges on January 27, 2016.  Subsequently, on April 28, 2016, he was charged via a superseding indictment with an additional count of distribution of cocaine base ("crack").  This indictment added Joppa Jackson as a codefendant. Daniels was arraigned and pleaded not guilty to the charges of the superseding indictment on May 11, 2015.

## LAW AND ANALYSIS

Defendant has filed a Motion to Recuse Judge Pursuant to 28 U.S.C. § 455(a) and a Motion to Dismiss Pursuant to Rule 12, alleging that the three Counts of the Indictment are improperly joined.  The Court will address these Motions in turn.

### I. This Court Need Not Recuse Itself From This Matter

Defendant asks this Court to recuse itself based om his "belief that Judge Milazzo cannot be impartial and has shown by her rulings heretofore that her impartiality might reasonably be questioned."[2]  Pursuant to 28 U.S.C. § 455 (a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  "A motion for recusal is within the discretion of the district judge."[3]  "A party seeking such disqualification must show that, if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality."[4]  "[S]peculative allegations of potential bias are not sufficient to warrant recusal."[5]

---

[2] Doc. 289 at 1.

[3] *United States v. Anderson*, 160 F.3d 231, 233 (5th Cir. 1998)

[4] *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994) (citations omitted).

[5] *United States v. Mix*, No. 12-171, 2014 WL 580758, at *4 (E.D. La. Feb. 13, 2014).

Defendant avers that this Court is biased because it raised sua sponte the issue of Defendant's standing to assert a pretrial Motion to Suppress and based its ruling in part on this issue. Defendant contends that the Court, in raising this issue, was "acting as a lawyer" in the proceeding in violation of 28 U.S.C. 455(b)(5)(ii). This contention is without support. Following the hearing on the Motion to Suppress, the Court did instruct the parties to file supplemental briefing on the issue of standing. As noted in its original Order denying the Motion to Suppress, courts routinely raise the issue of Fourth Amendment standing sua sponte.[6] Furthermore, in ruling on the Motion to Suppress, the Court found that the Motion was without merit even assuming the Defendant had standing to raise it. No bias is indicated by this course of action.

Defendant also points to this Court's rulings on his Motion to Recuse the United States Attorney's Office, Motion to Dismiss Pursuant to Rule 12, and the Government's Motion in Limine to Preclude the Defendant from Re-Arguing Suppression Issues at Trial as further evidence of bias. At the time of Defendant's filing of the instant Motion to Recuse Judge, however, the Court had not yet issued rulings on any of these Motions. Accordingly, unless the Defendant has somehow divined the content of rulings not yet issued, his allegations of bias relative to these Motions are meritless.

Defendant finally contends that "Judge Milazzo has independent information as to improper actions by the chief agent in this matter, Justin Moran, and has nevertheless made rulings that affected the defendant negatively without sharing said information with the defense counsel."[7] This

---

[6] Doc. 250.
[7] Doc. 289 at 2.

statement is pure speculation. The Court has no independent knowledge of the investigation of Justin Moran outside of what is publically available. Furthermore, even if it did, Defendant cites to no authority obligating the Court to provide him with the same.

In conclusion, none of the reasons cited by Defendant would give a reasonable person cause to question this Court's impartiality. His Motion to Recuse is therefore denied.

## II. The Counts of the Indictment are Properly Joined

Defendant next "moves for the Dismissal of the Indictment for Violation of Rule 12(iv) Improper joinder of offenses."[8] Presumably this is a reference to Federal Rule of Criminal Procedure 12(b)(3)(B)(iv), which gives a defendant the right to challenge the propriety of joinder in a pretrial motion. The actual propriety of joinder is governed by Federal Rule of Criminal Procedure 8, which states, in pertinent part,

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged-- whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.[9]

Defendant argues that Counts 2 and 3 of the indictment do not meet this standard. The Court disagrees. Taken as a whole, the indictment describes a common scheme or plan. Count 1 charges the defendant with participating in a conspiracy to distribute cocaine hydrochloride and cocaine base. Counts 2 and 3 charge the Defendant with distribution of cocaine base and possession with intent to distribute cocaine base within the time frame described in the

---

[8] Doc. 288 at 1.
[9] Fed. R. Crim. P. 8

conspiracy count. The Court cannot think of a more textbook case of appropriate joinder under Rule 8. Furthermore, even if joinder were improper, the appropriate remedy would be severance, not dismissal of the indictment.[10] Accordingly, Defendant's Motion to Dismiss is denied.

## CONCLUSION

For the foregoing reasons, Defendant Lazandy Daniels's Motion to Recuse Judge Pursuant to 28 U.S.C. § 455 (a) (Doc. 289) and Motion to Dismiss Pursuant to Rule 12 (Doc. 288) are **DENIED**.

New Orleans, Louisiana this 7th day of June, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[10] *United States v. Goodman*, 285 F.2d 378, 379 (5th Cir. 1960).