## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                      **NO: 16-08**

**LAZANDY DANIELS**                             **SECTION: "H"**

## ORDER AND REASONS

Before the Court is Defendant Lazandy Daniels's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 396). For the following reasons, the Motion is DENIED.

## BACKGROUND

Defendant Lazandy Daniels was charged by Superseding Indictment with (1) conspiracy to distribute and to possess with the intent to distribute five kilograms or more of cocaine hydrochloride and 28 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846; (2) distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C); and (3) possession with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B). On June 14, 2017, Defendant was found guilty at a jury trial of

1

all three charges. On October 19, 2017, this Court sentenced Defendant to the mandatory minimum sentence of 20 years' imprisonment, followed by ten years of supervised release.

Defendant now moves for relief from his sentence or conviction pursuant to 28 U.S.C. § 2255 on five grounds:

1. His attorney rendered ineffective assistance of counsel when he failed to object to the jury instructions.

2. The government violated Rule 801(d)(2)(e) by presenting testimony about statements that were not made "during the course of the conspiracy."

3. He is "actually innocent" of Count 1 of the Indictment

4. He is "actually innocent" for the statutory punishment under 21 U.S.C. § 841(b)(1)(A).

5. A special agent lied in an affidavit that led to his arrest. [1]

As the Government's opposition correctly points out, Defendant's § 2255 Motion sets out these arguments in conclusory fashion without any argument or analysis. In his reply, however, Defendant included an Exhibit that he titled "Constitutional Grounds" in which he provided argument in support of his allegations.[2] This Court will consider the arguments therein as if they were filed with Defendant's Motion.

---

[1] Defendant's previous § 2255 motion was dismissed without prejudice as premature (Doc. 372).

[2] Doc. 412-1.

## LEGAL STANDARD

28 U.S.C. § 2255(a) provides a prisoner with four grounds upon which he may seek relief from his sentence: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack."[3]   Generally, a claim not raised on direct appeal may not be raised on collateral review "unless the petitioner shows cause and prejudice" or actual innocence.[4]   The Supreme Court has held, however, that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought" in a § 2255 proceeding.[5]

## LAW AND ANALYSIS

### A. Ineffective Assistance of Counsel

Defendant first argues that his sentence should be vacated in light of the ineffective assistance of counsel that he received. Specifically, he argues that his attorney failed to object to jury instructions he believes were improper.

"The Sixth Amendment requires effective assistance of counsel at critical stages of a criminal proceeding."[6] Nevertheless, "the right to counsel does not

---

[3] 28 U.S.C. § 2255(a).

[4] Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 622 (1998).

[5] *Massaro*, 538 U.S. at 509; *see also, e.g.*, United States v. Johnson, 124 F. App'x 914, 915 (5th Cir. 2005).

[6] Lafler v. Cooper, 566 U.S. 156, 162 (2012).

guarantee error-free counsel."[7] The Supreme Court in *Strickland v. Washington* established a two-part test to determine when a defendant's right to effective assistance of counsel has been violated.[8] "To demonstrate that counsel was constitutionally ineffective, a defendant must show that [1] counsel's representation 'fell below an objective standard of reasonableness' *and* [2] that he was prejudiced as a result."[9]

"When evaluating the first *Strickland* criterion, [the Court] 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"[10] Courts "must make 'every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'"[11] Overall, "judicial scrutiny of counsel's performance must be highly deferential."[12] "To establish *Strickland* prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"[13] "A failure to establish either deficient performance or resulting prejudice defeats the [defendant's] claim."[14]

---

[7] United States v. Freeman, 818 F.3d 175, 178 (5th Cir. 2016).

[8] Strickland v. Washington, 466 U.S. 668, 687–88, 694 (1984).

[9] Lee v. United States, 137 S. Ct. 1958, 1964 (2017) (quoting *Strickland*, 466 U.S. at 688) (emphasis added).

[10] United States v. Fields, 565 F.3d 290, 294 (5th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689).

[11] *Id.* at 294 (quoting *Strickland*, 466 U.S. at 689).

[12] *Id.* (quoting *Strickland*, 466 U.S. at 689).

[13] *Lafler*, 566 U.S. at 163 (quoting *Strickland*, 466 U.S. at 694).

[14] United States v. Chavez, 193 F.3d 375, 378 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 697).

Defendant argues that the Court's instruction to the jury regarding the first element of the charge in Count 1 of conspiracy to distribute and to possess with the intent to distribute five kilograms or more of cocaine hydrochloride and 28 grams or more of cocaine base was improper and impermissibly suggested a burden of proof lower than beyond a reasonable doubt. The Court instructed the jury that it must find: "First, that two or more persons, directly or indirectly, reached an agreement to distribute or possess with the intent to distribute a controlled substance."[15] Defendant argues that the phrase "directly or indirectly" might "influence the jury not to hold its high standard of beyond a reasonable doubt."[16]

The phrase about which Defendant complains was taken straight from the Fifth Circuit Pattern Jury Charges.[17] And indeed, it is an accurate representation of the law.

> An express agreement is not required to prove a conspiracy: It is well-settled that circumstantial evidence may establish the existence of a conspiracy, as well as an individual's voluntary participation in it, and a jury is free to infer the existence of a conspiracy from the presence, association, and concerted action of the defendant with others.[18]

The jury was instructed that it must find an agreement between two parties beyond a reasonable doubt, whether that agreement was direct or indirect. Accordingly, Defendant's counsel was not ineffective in failing to object to this proper statement of the law.

---

[15] Doc. 387 at 173.

[16] Doc. 412-1.

[17] Pattern Crim. Jury Instr. 5th Cir. 2.97 (2019).

[18] United States v. Bowen, 818 F.3d 179, 188 (5th Cir. 2016) (internal quotation marks omitted).

### B.  Inadmissible Hearsay

Next, Defendant complains that the admission of a statement of his co-defendant, Craig James, taken 18 months after their arrest—that Defendant had flushed an ounce of cocaine just prior to the arrest and that the cocaine recovered from the hotel trashcan also belonged to Defendant—violated Federal Rule of Evidence 801(d)(2)(E). Rule 801(d)(2)(E) states that a statement is not hearsay if it is offered against an opposing party and "was made by the party's coconspirator during and in furtherance of the conspiracy." Defendant complains that James's statements implicating him were not made "during and in furtherance of the conspiracy" because they were made during an interview with detectives many months later. However, Craig James testified at trial that he had given Defendant an ounce of cocaine prior to their arrest and that the cocaine found in the trashcan was intended for Defendant.[19] "Hearsay" is a statement that "the declarant does not make while testifying at the current trial or hearing."[20] Accordingly, James's statement was not hearsay, and no exception to hearsay, such as Rule 801(d)(2)(E), was necessary for its admissibility. Further, Defendant did not raise this argument on appeal and has not shown any cause for his failure to do so.

### C. Actual Innocence

Defendant's next argument asserts his actual innocence. "To establish actual innocence, [the] petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have

---

[19] Doc. 386 at 73–81.
[20] FED. R. EVID. 801.

convicted him. Indeed, 'actual innocence' means factual innocence, not mere legal insufficiency."[21]

In support of his actual innocence claim, Defendant argues that the Government presented insufficient evidence to establish his guilt. He does not, however, present any new evidence not considered at trial. The Fifth Circuit has already held that the evidence presented to the jury was "more than sufficient for a rational trier of fact to convict Daniels."[22] "[T]he trial evidence was sufficient to prove that Daniels agreed to distribute both powder and crack cocaine; that he knew about the agreement; and that he participated voluntarily."[23] Accordingly, Defendant has not shown that he is actually innocent of the crimes charged.

Defendant also suggests that the Government misled the jury by misstating the law in its closing statement.  The passages of the Government's closing argument of which Defendant complains, however, were entirely appropriate and accurate explanations of the law of conspiracy.

### D. Sentencing Objections

Defendant next argues that he is actually innocent because the Government failed to prove that he was personally responsible for five kilograms or more of cocaine hydrochloride and 28 grams or more of cocaine base because the evidence at trial revealed that he did not have any drugs on him when he was arrested.  However, the Fifth Circuit has stated that a conspirator is responsible at sentencing for "the quantity of drugs he

---

[21] United States v. Torres, 163 F.3d 909, 912 (5th Cir. 1999) (internal quotations omitted).

[22] United States v. Daniels, 930 F.3d 393, 403 (5th Cir. 2019).

[23] *Id.*

reasonably foresees it is the object of the conspiracy to distribute after he joins the conspiracy."[24] Therefore, the amount that Defendant possessed at the time he was arrested is not dispositive. The Fifth Circuit held, "A rational trier of fact could easily find that Daniels was conspiring to distribute 5 kilograms or more of powder cocaine and 28 grams or more of crack cocaine beyond a reasonable doubt. There was sufficient evidence to convict Daniels of Count 1."[25]

Further, Defendant complains that his sentencing guideline range was 121 to 151 months and that the Court did not explain its 240-month sentence. Defendant was sentenced to a mandatory minimum of 240 months in light of his prior felony convictions. Before trial, the Government filed a bill of information establishing Defendant's prior conviction pursuant to 21 U.S.C. § 851(a)(1).[26] At that time, 21 U.S.C. § 841(b)(1)(A) provided that if any person violated that statute "after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years." The Government's bill of information establishing Defendant's prior conviction was discussed at length at Defendant's sentencing, and he was sentenced to the mandatory minimum. Accordingly, he has not shown that his sentence was in error.

### E. Falsified Report of Investigation.

Finally, Defendant argues that Special Agent Justin Moran lied in the Report of Investigation Affidavit prepared following Defendant's arrest. In so

---

[24] United States v. Turner, 319 F.3d 716, 724 (5th Cir. 2003).
[25] *Daniels*, 930 F.3d at 403.
[26] Doc. 293.

arguing, however, Defendant does not identify any false information in the Report of Investigation. Instead, he points out areas where the Report of Investigation contradicts his own statements and the statements of his co-defendant Leon Jackson. Defendant does not, however, offer any proof of which statement is true.

Further, Defendant points to perceived discrepancies within the Report of Investigation itself. Specifically, he alleges that the Report's Synopsis indicates that in executing the search warrant of the hotel room, officers found, among other things, two digital scales, one money counter, one large roll of cellophane, and two Pyrex glass containers. He points out that Paragraph 17 of the Report does not list all of these items. Paragraph 17, however, lists only those items that officers could see in plain view. Paragraph 22 goes on to list the additional items that were found in execution of the search warrant.[27] Accordingly, there is no discrepancy, and Defendant has not shown that any of the information in the Report of Investigation was false. Further, Defendant did not raise this argument on appeal and has not shown any cause for his failure to do so.

**<u>CONCLUSION</u>**

For the foregoing reasons, Defendant's Motion to Vacate is DENIED.

---

[27] *See* Doc. 412-6 at 9.

New Orleans, Louisiana this 4rd day of March, 2021.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

10