UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 16-08** |
| **LAZANDY DANIELS** | **SECTION: "H"(4)** |

### ORDER AND REASONS

Before the Court is Defendant Lazandy Daniels's Motion for Compassionate Release (Doc. 413). For the following reasons, the Motion is **GRANTED**.

### BACKGROUND

On January 14, 2016, the Government filed a Superseding Indictment that charged Defendant Lazandy Daniels with three counts: (1) conspiracy to distribute and to possess with the intent to distribute five kilograms or more of cocaine hydrochloride and 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846; (2) distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C);

1

and (3) possession with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B). On June 7, 2017, Defendant was named in a Bill of Information to Establish Prior Conviction pursuant to 21 U.S.C. § 851(a)(1).[1] The Bill charged that on or about October 12, 1995, Defendant pled guilty to possession of cocaine and was sentenced to 30 months of imprisonment in the 22nd Judicial District Court of Washington Parish, Louisiana. This prior conviction increased the mandatory minimum sentence under Count One of the Superseding Indictment from 10 to 20 years.

On June 14, 2017, Defendant was found guilty at a jury trial of all three counts.[2] On October 19, 2017, this Court sentenced Defendant to the mandatory minimum sentence of 20 years' imprisonment, followed by 10 years of supervised release.[3] On December 29, 2020, Defendant moved for compassionate release under 18 U.S.C. § 3582(c) on the grounds that after his sentencing, the First Step Act amended certain laws such that if Defendant were sentenced today, his minimum sentence would be 10 years of imprisonment instead of 20 years.[4] The Government opposes the compassionate release of Defendant.[5]

---

[1] *See* Doc. 293.
[2] *See* Doc. 304.
[3] *See* Doc. 349.
[4] *See* Doc. 413. More specifically, under the changes made by Section 401 of the First Step Act, Defendant's prior conviction would no longer qualify as a "serious drug felony" under 21 U.S.C. § 802(57) that could enhance the applicable penalty under § 841(b)(1)(A). *See* Doc. 413 at 7–9.
[5] *See* Doc. 417.

## LAW AND ANALYSIS

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."[6] Section 3582(c), as amended by the First Step Act, states in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—(1) in any case—(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

---

[6] United States v. Garcia, 606 F.3d 209, 212 (5th Cir. 2010).

3

> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The statute does not define "extraordinary and compelling reasons"; rather, the Sentencing Commission was directed by Congress to promulgate policy statements describing what should be considered an extraordinary or compelling reason for sentence modification. The Sentencing Commission's policy statement sets forth factors based on a Defendant's health, age, family circumstance, or some other reason "[a]s determined by the Director of the Bureau of Prisons."[7] The Government argues that Defendant's motion should be denied because this last catchall provision means that a district court cannot on its own identify "extraordinary and compelling reasons" other than those identified in, or similar to, the circumstances outlined in the Commission's policy statement.[8] Many courts considering this issue, however, have held otherwise.[9]

"Although historically sentence reductions could be ordered only upon a motion by the Director of the Bureau of Prisons, the First Step Act of 2018 amended the statute to additionally allow prisoners to petition the Court."[10] The Sentencing Commission's policy statements have not, however, been

---

[7] U.S.S.G. 1B1.13.
[8] *See* Doc. 417 at 6 ("A sentencing court may not on its own identify the 'extraordinary and compelling reasons' that allow compassionate release.").
[9] United States v. McGee, 992 F.3d 1035, 1050 (10th Cir. 2021) (and cases cited therein); United States v. Owens, 996 F.3d 755, 764 (6th Cir. 2021) (and cases cited therein); United States v. Price, 496 F. Supp. 3d 83, 87 (D.D.C. 2020) (and cases cited therein); United States v. McCoy, 981 F.3d 271, 281 (4th Cir. 2020) (and cases cited therein).
[10] United States v. Perdigao, No. CR 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020) (Fallon, J.); *see also* United States v. Lee, No. 04-11, 2021 WL 3129243, at *2–3 (E.D. La. July 23, 2021) (Fallon, J.); United States v. Reed, 464 F. Supp. 3d 854, 858 (E.D. La. 2020) (Fallon, J.).

amended since the enactment of the First Step Act, "and consequently, a portion of the policy statement now squarely contradicts 18 U.S.C. § 3582(c)(1)(A) as amended."[11] In recognizing this discrepancy,

> [m]any courts have concluded that this discrepancy means that the Sentencing Commission does not have a policy position applicable to motions for compassionate release filed by defendants pursuant to the First Step Act. Accordingly, other district courts have found that they have discretion to determine what constitutes an "extraordinary and compelling reason[ ]" on a case by case basis, and reliance on the policy statement may be helpful, but not dispositive.[12]

Indeed, the Fifth Circuit has joined the Second, Fourth, Sixth, Seventh, and Tenth Circuits in holding that "neither the [Sentencing Commission's] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582."[13] Accordingly, this Court is not constrained by the Commission's policy statement in considering whether Defendant has presented an extraordinary and compelling reason for

---

[11] *Perdigao*, 2020 WL 1672322, at *2; *see also Lee*, 2021 WL 3129243, at *2 ("For example, the policy statement continues to plainly provide that a term of imprisonment may be reduced only upon a motion by the Director of the Bureau of Prisons.").

[12] *Perdigao*, 2020 WL 1672322, at *2

[13] United States v. Shkambi, 993 F.3d 388, 393 (5th Cir. 2021); *see, e.g.*, *McGee*, 992 F.3d at 1050 ("[T]he Sentencing Commission's existing policy statement is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants."); *McCoy*, 981 F.3d at 281 ("By its plain terms, in short, § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"); United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020) ("[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

modification of his sentence. It is "bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."[14]

"Having concluded that the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release, the question remains whether the extraordinary and compelling reasons cited by [Defendant] warrant compassionate release."[15] The Fifth Circuit has recognized that district courts may consider whether "nonretroactive sentencing changes . . . , either alone or in conjunction with any other applicable considerations, constitute extraordinary and compelling reasons for a reduction in sentence."[16] Other courts have also found it appropriate to consider whether a sentence modification is warranted in light of the disparity between a defendant's actual sentence and the sentence that he would receive if the First Step Act applied, but they have counseled that such a disparity is insufficient on its own to warrant relief.[17] "[I]t can only be the combination of such a sentence and a defendant's unique circumstances that constitute 'extraordinary and compelling reasons.'"[18]

---

[14] *Shkambi*, 993 F.3d at 393.
[15] *Price*, 496 F. Supp. 3d at 87.
[16] United States v. Cooper, 996 F.3d 283, 289 (5th Cir. 2021).
[17] *McGee*, 992 F.3d at 1048; *Owens*, 996 F.3d at 764.
[18] *McGee*, 992 F.3d at 1048; *see also Owens*, 996 F.3d at 763 ("In accordance with our holding that, in making an individualized determination about whether extraordinary and compelling reasons merit compassionate release, a district court may include, along with other factors, the disparity between a defendant's actual sentence and the sentence that he would receive if the First Step Act applied, we remand to the district court for further proceedings."); *McCoy*, 981 F.3d at 286 ("[W]e note that in granting compassionate release, the district courts relied not only on the defendants' § 924(c) sentences but on full consideration of the defendants' individual circumstances.").

This Court finds such unique circumstances present here. In addition to receiving a lengthier sentence than he would have under statutes amended by the First Step Act, Defendant has had no infractions or disciplinary issues while serving his sentence. Further, the Court notes that the factors enumerated in § 3553(a) weigh in favor of a reduced sentence. First, Defendant was involved in a nonviolent offense and has a prison record without blemish. Second, under the First Step Act, Defendant's prior conviction no longer qualifies as a "serious drug felony" that increases his mandatory minimum from 10 to 20 years' imprisonment.[19] This implies that Congress deemed 10 years a sufficient sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," in addition to accomplishing the other objectives of § 3553(a)(2).[20] Finally, reducing Defendant's sentence serves "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[21]

In light of Defendant's spotless prison record and the amendments to the First Step Act, this Court finds that this is the sort of extraordinary and compelling case for which a modification of sentence is warranted. Congress has deemed a sentence of 10 years for Defendant's non-violent drug crime an appropriate punishment, and this Court agrees.

---

[19] *See* 21 U.S.C. §§ 802(57), 841(a)(1), 841(b)(1)(A), 851.
[20] 18 U.S.C. § 3553(a)(2)(A).
[21] *Id.* § 3553(a)(6).

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**. **IT IS ORDERED** that, having considered the factors set forth in § 3553(a) and having found extraordinary and compelling reasons warrant such a reduction, Defendant's sentence on Counts 1, 2, and 3 is reduced to 120 months each, to run concurrently as to each. His term of supervised release is modified from 120 to 60 months. An amended judgment shall be entered separately.

New Orleans, Louisiana this 5th day of January, 2022.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**